UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

SHANNON R. HAMILTON,  :
 :
      Petitioner,  :  Civ. No. 15-6291 (RBK)
 :
v.  :
 :  **OPINION**
UNITED STATES OF AMERICA,  :
 :
      Respondent.  :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be summarily dismissed for a lack of jurisdiction.

## II.   BACKGROUND

Petitioner is currently serving a federal sentence of 151 months imprisonment after he pled guilty in the United States District Court for the Middle District of Pennsylvania to five counts of bank robbery in 2010. (*See* M.D. Pa. Crim. No. 10-0038.) On June 28, 2011, the United States Court of Appeals for the Third Circuit affirmed. *See United States v. Hamilton*, 434 F. App'x 149 (3d Cir. 2011). Subsequently, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the Middle District of Pennsylvania that raised ineffective assistance of counsel claims. (*See* M.D. Pa. Crim. No. 10-0038, Dkt. Nos. 54, 55 & 58.) The Middle District of Pennsylvania denied petitioner's § 2255 motion on the merits and denied a certificate of appealability. (*See* M.D. Pa. Crim. No. 10-0038, Dkt. Nos. 68 & 69.)

Petitioner appealed and the Third Circuit denied a certificate of appealability on August 13, 2013 (*See id.* Dkt. No. 73.)

In August, 2015, this Court received petitioner's petition for writ of habeas corpus pursuant to § 2241. Petitioner challenges his federal sentence in this habeas petition. He claims that federal sentencing enhancements were improperly applied to him, most notably the fact that the sentencing court applied a career criminal enhancement to his sentence. Petitioner also argues that his counsel was ineffective by failing to "investigate mitigating circumstances in movant's priors which were adversely applied" to him. (Dkt. No. 1. at p. 19.) Petitioner requests that this Court vacate his 151-month sentence and remand this matter for resentencing.

### III.     STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.     DISCUSSION

Petitioner seeks to have this Court review his sentence entered by the Middle District of Pennsylvania in this § 2241 petition. Indeed, as previously noted, petitioner seeks to have his sentence vacated because he was allegedly improperly determined to be a career criminal which enhanced his sentence and that his counsel failed to investigate whether he was a career criminal as defined by the sentencing enhancement.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290

3

F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255.  *See id*. The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner does not allege facts which bring him within the *Dorsainvil* exception. He does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, his claim is that the Middle District of Pennsylvania improperly used prior convictions to find that he fell within the career criminal sentencing enhancement and that his counsel failed to investigate whether he fell within the enhancement. Such claims do not fall within the *Dorsainvil* exception. *See Garcia v. Warden Ft. Dix FCI*, 596 F. App'x 79, 82 (3d Cir. 2014) (per curiam) ("Garcia's career offender sentence claim does not fall within the scope of the savings clause) (citing *Okereke*, 207 F.3d at 120);

*Scott v. Shartle*, 574 F. App'x 152, 155 (3d Cir. 2014) (per curiam) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in *In re Dorsainvil* and cannot proceed under § 2241.") (citation omitted); *McIntosh v. Shartle*, 526 F. App'x 150, 152 (3d Cir. 2013) (per curiam) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in *Dorsainvil* and may not proceed under § 2241.") (citation omitted); *Johnson v. Scism*, 454 F. App'x 87, 88 (3d Cir. 2012) (per curiam) (same); *United States v. Brown,* 456 F. App'x 79, 81 (3d Cir.2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted), *Selby v. Scism,* 453 F. App'x 266, 268 (3d Cir.2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth,* No. 13–0101, 2013 WL 141441, at *2 (D.N.J. Jan.11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted—possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States,* No. 12–1545, 2012 WL 5199167, at *5 (D.N.J. Oct.19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the

5

enhancement of his sentence as Petitioner does here."); *see also Hazel v. Smith*, 142 F. App'x 131, 132 (3d Cir. 2005) (per curiam) ("[C]laims of ineffective assistance of counsel . . . place his petition squarely within the scope of § 2255. Section 2255 is not inadequate simply because AEDPA's gatekeeping restrictions prevent him from availing himself of it.") (citing *Cradle*, 290 F.3d at 538-39; *Dorsainvil*, 19 F.3d at 251); *Sedlak v. United States*, No. 12-0285, 2012 WL 832984, at *3 (M.D. Pa. Feb. 14, 2012) ("[C]ases construing *Dorsainvil*, and interpreting the interplay between the relief provided to federal prisoners under § 2255, and the remedy conferred by the writ of habeas corpus under § 2241, agree that 'Section 2241 is not available for [a federal prisoner's] ineffective assistance of counsel claim, as he has not demonstrated that Section 2255 is an 'inadequate or ineffective remedy.'") (quoting *Piggee v. Bledsoe*, 412 F. App'x 443, 446 (3d Cir. 2011) (per curiam)) (other citations omitted), *report and recommendation adopted by*, 2012 WL 833028 (M.D. Pa. Mar. 12, 2012). Therefore, this Court lacks jurisdiction to consider the instant habeas petition as the petition does not fall within the *Dorsainvil* exception to permit this § 2241 habeas action moving forward in this Court.

      Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court does not find it in the interest of justice to transfer this habeas petition to the Third Circuit as a request to file a second or successive § 2255 motion. However, such a finding does not prevent petitioner from seeking leave from the Third Circuit to file a second or successive § 2255 motion should he elect to do so.

## V.     CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed due to a lack of jurisdiction. An appropriate order will be entered.


DATED:  September 2, 2015

<u>s/Robert B. Kugler</u>
ROBERT B. KUGLER
United States District Judge
