UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHANNON R. HAMILTON, | : | |
| | : | |
| Petitioner, | : | Civ. No. 15-6291 (RBK) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM AND ORDER** |
| | : | |
| Respondent. | : | |
| | : | |

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his federal criminal sentence in this habeas petition. Most notably, petitioner challenged the fact that the sentencing court applied a career criminal enhancement to his sentence. Petitioner also argued that his counsel was ineffective.

On September 9, 2015, this Court summarily dismissed the habeas petition. Petitioner failed to show that this § 2241 habeas petition fell within the exception set forth in *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997) to permit it to proceed past screening. (*See* Dkt. No. 2 at p. 3-6) Thus, this action was summarily dismissed.

In a document dated September 8, 2015, but not received and docketed by the Court until September 11, 2015, petitioner filed a request for the appointment of counsel and request for admissions from the respondent pursuant to Federal Rule of Civil Procedure 36. In light of these requests from petitioner, this Court will reopen this case for the limited purpose of ruling on petitioner's request.

Petitioner does not have a constitutional right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28

U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require ..." In *Reese*, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64.

In this case, the appointment of counsel is not warranted. First, it is worth noting that petitioner paid the $5.00 filing fee in this case. Thus, it is not clear to this Court that petitioner cannot afford his own counsel. Additionally, and more importantly, this Court has already summarily dismissed petitioner's habeas petition as he failed to show that his petition falls within the *Dorsainvil* exception. Furthermore, as the habeas petition has been dismissed, his request for admissions from respondent shall also be denied.

Accordingly, IT IS this   14th   day of January, 2016,

ORDERED that the Clerk shall reopen this case for the sole purpose to allow this Court to rule on petitioner's request for the appointment of counsel and for admissions (Dkt. No. 4); and it is further

ORDERED that petitioner's application for the appointment of counsel and for admissions (Dkt. No. 4) is denied; and it is further

ORDERED that the Clerk shall reclose this case.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge